No. 49712.—Protest 95118–K of Freedman & Slater, Inc. (New York).

Cole, Judge: The circumstances from which this case arose are substantially the same as those presented in *Jacob H. Brodsky & Son, Inc.* v. *United States* (Protest 73278–K), decided concurrently herewith. The factual basis for the present protest is as follows: Plaintiff, as agent for a Chicago importer, entered at the port of Albany, N. Y., as conditionally free of duty under paragraph 1101 (b), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. §1001, par. 1101 (b)), a quantity of wool on skins

intended for use in the manufacture of carpets. The collector accepted the entry on such basis, taking as the correct weights those estimated by the appraiser, i. e., 8,700 pounds of the wool with the skins with a clean content of 4,350 pounds. When the merchandise was processed, and the wool was pulled from the skins, a clean content of only 3,746 pounds (plaintiff's exhibit 1) was accounted for and delivered, whereupon the collector demanded payment of $132.68—an assessment of 22 cents per pound under said amended paragraph 1101 (b) on 604 pounds of clean content, the difference between the appraiser's estimate and the processor's finding. The action of the collector is based on the theory that the quantity of wool admittedly included in the importation was not used for carpet manufacturing purposes as required under the terms of the bond filed pursuant to the provisions of paragraph 1101 (b), *supra*.

Here, as in the *Brodsky & Son, Inc.*, case, *supra*, defendant has conceded that the clean content reported by the processor is in fact the amount actually imported, but, just as was done in the said case, counsel has coupled his admission, establishing the correctness of plaintiff's claim, with a motion to dismiss the protest as untimely within the provisions of section 514, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1514). The record discloses that the collector's demand was made on August 8, 1940; the protest was filed on September 9, 1940; and the entry was liquidated on November 24, 1942.

The proposition advanced in urging dismissal is based on the premise that the collector's demand is not a protestable matter under the terms of section 514, *supra*, and that the only action against which valid protest can lodge is the collector's liquidation.

The *Brodsky & Son, Inc.*, case, *supra*, followed the statutory construction laid down in *Hiram Walker & Sons, Inc.* v. *United States*, 25 C. C. P. A. 189, T. D. 49293 (affirmed on rehearing in *same* v. *same*, 26 C. C. P. A. 121, C. A. D. 4) and supported defendant's contention. The same principle being applicable here, the instant protest is therefore dismissed as having been prematurely filed and judgment will be rendered accordingly.

Plaintiff's contention that the collector's assessment results in an imposition of duty on merchandise that "never had any factual existence" was answered in the *Hiram Walker & Sons, Inc.*, case (T. D. 49293), *supra*, as follows:

As has been pointed out in numerous decisions of this and other courts, the Government in giving its consent to be sued prescribes the terms and conditions upon which the suit shall be brought. The statute relating to protests fixes a definite time limit within which the action may be brought. It has made no provision that fits the alleged wrong which appellant claims to have suffered.

The following comment, made in the *Brodsky & Son, Inc.*, case, *supra*, is equally applicable to the present situation:

Here, the meritorious claim of plaintiff—conceded by defendant but defeated only under a severe technicality—should be amicably adjusted in some appropriate manner. The remedy, however, does not lie with this court.